## FERGUSON v. ADAMS MOTOR CAR COMPANY, INC.

(January 30, 1928. Opinion and Decree.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Sales—Par. 32, 33.**

It is the duty of the vendor to make himself clear as to the extent of his obligations. Any obscurities or ambiguities will be construed against him.

2. **Louisiana Digest—Sales—Par. 84, 243.**

Plaintiff, in a suit to rescind a sale and recover the purchase price, must prove hidden defects in the thing sold which could not readily be discovered by inspection.

Appeal from First City Court, Section "C". Hon. Wm. V. Seeber, Judge.

Action by John B. Ferguson against Adams Motor Car Company, Inc.

There was judgment for defendant and plaintiff appealed.

Judgment reversed and case remanded.

Paul A. Sompayrac, of New Orleans, attorney for plaintiff, appellant.

W. P. Mouton, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Plaintiff asks judgment for $361.56, the purchase price paid by him to defendant for a Chandler automobile engine and two automobile fenders plus freight and drayage charges.

From a judgment dismissing the suit plaintiff appeals.

Plaintiff resides in Baton Rouge and is the owner of a Chandler automobile. Defendant is a Chandler automobile dealer in New Orleans. Plaintiff's automobile was damaged in an accident to such an extent that plaintiff considered the purchase of a new engine, and sought and obtained a quotation from defendant of $725.00. Defendant informed plaintiff that it had an engine in stock in New Orleans which was as good as new which he would sell for $250.00. Whereupon plaintiff came to New Orleans and examined the engine which was demonstrated by defendant's mechanic. He expressed satisfaction with it and ordered it shipped to Baton Rouge, giving his check in payment for the engine and two fenders which he also bought.

When the engine arrived in Baton Rouge plaintiff in company with a local automobile dealer examined the engine and, without removing it from the crating in which it was packed, refused to accept it and demanded the return of his money. He justifies his action upon the ground that several parts such as gear shift levers and fan were not shipped with the engine and further upon the ground that a dust pan designed to protect the engine from dirt and dust had been broken off, as plainly appeared by the broken edges of the pan which he alleges were oiled and filed.

The testimony concerning whether the missing parts formed part of the engine or not is far from proof of the affirmative, but it is admitted that these parts were on the engine when exhibited to plaintiff in defendant's place of business in New Orleans, and it is not contended that plaintiff was advised that they were to be excluded from the sale. As to the broken part there is no evidence that it was essential to the operation of the engine. In any event this defect might easily have been discovered by examination when the engine was demonstrated. No effort was made to use the engine, which was not removed from the packing. It is contended that defendant represented the engine to be new but defendant's president says that it was guaranteed to be as good as new, and his statement is fortified by the fact that a new engine cost nearly three times as much as plaintiff was advised.

Only one of the fenders arrived with the engine, the other being shipped several weeks later. It is argued that this delay was a breach of the contract because time was of its essence. The delay in shipment is explained by defendant to our satisfaction and does not appear unreasonable in view of the fact that it had to be ordered from the factory.

We find no sufficient reason in the record to justify plaintiff in his refusal to accept delivery of the engine and fenders. We believe, however, that the parts which were attached to the engine when exhibited to plaintiff may fairly be considered to form part of his purchase and should have been shipped with the

engine. R. C. C. 2474. We are unable to determine the value of these parts and will therefore remand the case for the purpose of admitting evidence on that point.

The judgment appealed from is therefore reversed and the case remanded for further proceedings consistent with the views herein expressed.